UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSLYN DEVAUX-SPITZLEY, Plaintiff, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant. | Case No. 18-cv-04436-JST **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** Re: ECF Nos. 27, 28, 29, 30 |

Before the Court is Defendant Prudential Insurance Company of America's motion to transfer venue to the Southern District of Ohio. ECF No. 27. Plaintiff Devaux-Spitzley opposes the motion. ECF No. 29. For the reasons set forth below, the Court will grant the motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff Roslyn Devaux-Spitzley brings two causes of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and (a)(3), against Prudential Insurance Company of America ("Prudential"). *See* ECF No. 1 ("Compl.") ¶¶ 11-23.

Plaintiff, a former employee of JPMorgan Chase Bank, discontinued work in February 2016 after a meniscus tear. *Id.* ¶ 5. She unsuccessfully attempted to return to work in May 2016 and has since been unemployed. *Id.*

Due to chronic pain and other complications related to her orthopedic disabilities, diabetes, and heart disease, Plaintiff filed for disability benefits with Prudential Insurance as a participant in the Chase Bank Employee Long Term Disability Plan. *Id.* ¶¶ 3-7. Prudential initially denied Plaintiff's claim for lack of eligibility. *Id.* ¶ 7. After Plaintiff filed an administrative appeal, Prudential determined that she was an eligible participant in the Plan, but concluded that she was

not disabled from working as long as she was able to take a fifteen-minute break after every forty-five minutes of working. *Id.*

Plaintiff then filed a voluntary second-level appeal, asserting that the ability to work only forty-five minutes out of each hour in an eight-hour work day amounted to sub-sedentary capacity or total disability. *Id.* ¶ 8. Prudential granted itself a 45-day extension of time to review the second-level appeal. *Id.* ¶ 9. Plaintiff's counsel wrote to Prudential advising it that its unilateral grant of an extension violated the requirements of the ERISA Claims Regulation, 29 C.F.R. § 2560.503-1. *Id.* Plaintiff now claims that her voluntary second-level appeal is "deemed denied" as a matter of law because of Prudential's non-compliance with the Claims Regulation, leaving her free to pursue her remedies in court. *Id.*

On the merits, Plaintiff alleges that Prudential violated ERISA § 503, codified at 29 U.S.C. § 1133, and the requirements of 29 C.F.R. § 2560.503-1. These provisions require employee benefit plans to follow certain minimum procedures and provide "adequate notice in writing" to participants whose claims for benefits under a plan have been denied. *Id.* ¶¶ 12-14. Plaintiff further alleges that Prudential failed to afford her a statutorily required "reasonable opportunity to receive a full and fair review" after her claim was denied. *Id.* ¶ 13. Finally, Plaintiff claims Prudential breached its fiduciary duties under ERISA by, among other things, awarding benefits to other Plan participants under circumstances similar to her own, even though it denied benefits to her. *See id.* ¶¶ 18-22.

### B. Procedural History

Plaintiff filed her complaint on July 23, 2018. *See* Compl. Prudential filed an answer on September 14, 2018. ECF No. 14. The case was originally assigned to Magistrate Judge Elizabeth D. Laporte and was reassigned to the undersigned judge on September 5, 2018. ECF Nos. 3, 12. At the initial case management conference on November 14, 2018, the Court set a deadline of January 11, 2019 for Prudential to file its motion to transfer venue under 28 U.S.C. § 1404. ECF No. 22. Prudential moved to transfer venue to the Southern District of Ohio on January 8, 2019. ECF No. 27. Plaintiff opposes the motion. ECF No. 29. Prudential filed its reply on January 28, 2019. ECF No. 30.

2

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988))).

As the moving party, Defendants bear the burden of showing that transfer is warranted. *Id.* The statute defines three factors that the Court must consider: the convenience of the parties, the convenience of the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has also listed the following additional factors that a court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.

## III. REQUEST FOR JUDICIAL NOTICE

Prudential asks the Court to take judicial notice of the United States District Court statistics for the 12-month period ending September 30, 2018, available at: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2018.pdf. ECF No. 28. Because the statistics "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), the Court will grant the request.

3

**IV.  DISCUSSION**

The Court first determines that Plaintiff could have brought her claim in the Southern District of Ohio, a fact that neither party disputes. ECF Nos. 27 at 5; 29 at 2. An ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Plaintiff could have brought her claims in the Southern District of Ohio because it is the place where the alleged breach took place. ECF No. 27 at 5; *see also* Compl. ¶ 3 ("Plaintiff is, and at all times pertinent herein was, a resident of Reynoldsburg, Franklin County, Ohio.").

Turning next to the factors the Court must consider in ruling on this motion, Prudential argues that the following facts or factors support transfer: the convenience of parties, witnesses, and ease of access to evidence all favor transfer to the Southern District of Ohio; Ohio has a greater local interest in the action because Plaintiff resides there; and relative court congestion is lower in Ohio where there is a lower civil-filing-per-judge ratio than in the Northern District. *See* ECF No. 27 at 6-8. The remaining factors, according to Prudential, are neutral. *Id.* at 8. Prudential also argues that Plaintiff's choice of forum, ordinarily a factor weighing against transfer, is less important here because Plaintiff does not reside in the Northern District and her claims have no connection to this forum.

In response, Plaintiff argues that the Court should afford deference to an ERISA plaintiff's choice of forum; that the ease of access to evidence and witnesses is irrelevant because discovery is limited to the already-produced administrative record; and that the interests of justice weigh in favor of keeping the current venue, particularly in light of Prudential's delay in filing this motion, and the relative burden and cost to Plaintiff if the matter were transferred. *See generally* ECF No. 29.

After examining the relevant factors, the Court agrees that transfer is warranted.

**A.  Plaintiff's Choice of Forum**

In ERISA cases, the plaintiff's choice of forum is afforded great deference. *Jacobsen v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999). However, a plaintiff's chosen forum receives considerably less weight when she does not

4

reside there and the operative facts occurred elsewhere. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Prudential argues that because Plaintiff does not reside in the Northern District, and none of the events giving rise to this action occurred in the Northern District, the Court should afford her choice of forum less weight. ECF No. 27 at 6.

When the plaintiff resides outside the forum and the operative facts took place outside the forum, courts in this district transfer venue "even in ERISA cases when other factors favor transfer." *Ridenour v. Cigna Health & Life Ins. Co.*, Case No. 3:15-cv-03051-LB, 2015 WL 6674662, at *5 (N.D. Cal. Nov. 2, 2015) (citing *Frias v. Aetna Life Ins. Co.*, Case No. 14-cv-03146-TEH, 2014 WL 5364105, at *3 (N.D. Cal. Oct. 21, 2014)); *see also Nozolino v. Harford Life & Accident Ins. Co.*, No. 12-cv-04314-JST, 2013 WL 2468350, at *2 (N.D. Cal. June 7, 2013) (transferring venue where ERISA plaintiff had not shown that the Northern District had "any nexus to the operative facts in [her] case"); *M.K. v. Visa Cigna Network POS Plan*, No. 12-CV-04652-LHK, 2013 WL 2146609, at *3-4 (N.D. Cal. May 15, 2013) (granting "minimal deference" to plaintiff's choice of forum in an ERISA action where she was not a resident of the selected forum, the breach took place elsewhere, and key decisions regarding the benefits denial all took place outside the Northern District).

Here, Plaintiff resides now and did reside at all relevant times in Ohio, and none of the operative facts in her complaint took place in the Northern District of California. The medical providers involved in Plaintiff's claim were located in Chicago, Ohio, and Los Angeles. ECF No. 27-1 ¶ 11. Independent file reviews during the claim administration were conducted by doctors in Connecticut and Colorado. *Id.* ¶ 14. Other Prudential employees responsible for reviewing Plaintiff's long-term disability benefits claim were located in various cities across the United States, none of which is in the Northern District. *Id.* ¶ 15. In sum, nothing about Plaintiff's medical treatment or the administration of her claim has any connection to the Northern District. Plaintiff's sole connection to the Northern District is that her counsel is located here. *See* ECF No. 29-2.

Given the lack of any significant connection between this district and Devaux-Spitzley's claims, the Court affords minimal deference to Devaux-Spitzley's choice of forum.

**B. Convenience of the Parties**

Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011) (citing *Van Dusen*, 376 U.S. at 646). Transfer "should not be granted if the effect is simply to shift the inconvenience to the plaintiff." *Id.* (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). "Defendants must show that the balance of conveniences weighs heavily in favor of transfer in order to overcome the strong presumption in favor of plaintiff's choice of forum." *Id.*

Plaintiff argues that her lack of means compared to Prudential favors keeping the action in the Northern District. ECF No. 29 at 6. She asserts that if the case is transferred to Ohio, her counsel will incur substantial travel expenses which will "ultimately be borne by the Plaintiff herself, who is in no position to make unnecessary expenditures for attorney airfare and hotels." *Id.* at 5. Plaintiff adds that despite exercising diligence, she was unable to find local counsel in Ohio. ECF No. 29-1 ¶ 2. She represents that she retained Creitz & Serebin LLP "based upon their excellent reputation" and filed suit in San Francisco because that is where her attorneys reside and "doing so would minimize attorney travel costs and expenses." *Id.* ¶ 3.

Prudential responds that Plaintiff's claimed inability to find an ERISA attorney in Ohio "is counter to the information in the administrative record." ECF No. 30 at 6. In support, Prudential cites to a letter it received requesting a copy of Plaintiff's claim file from attorney Claire Bushorn Danzl, whose firm is in Cincinnati, Ohio, in October 2017. *Id.* About one month later, Danzl notified Prudential she was no longer representing Plaintiff. *Id.* Prudential concludes that "Plaintiff chose to retain a lawyer in San Francisco despite multiple local alternatives, and cannot now use the costs associated with that choice to argue against a transfer of venue." *Id.* at 7.

As Prudential points out, "[t]he convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a)." *Guy v. Hartford Group Life Ins. Co.*, No. C 11-3453 SI, 2011 WL 5525965, at *3 (N.D. Cal. Nov. 14, 2011). Courts in this district regularly grant transfer motions where the plaintiff's only connection to the district of filing is the presence of counsel. *See, e.g.*, *Smith v. Aetna Life Ins. Co.*, No. C 11-2559 SI, 2011

WL 3904131, at *2-3 (N.D. Cal. Sept. 6, 2011) (granting transfer in spite of plaintiff's allegation that, due to the location of counsel, "filing in this district is the most economically viable option"); *Frias*, 2014 WL 5364105, at *4 (granting transfer and finding that the "fact that the parties have chosen California lawyers" was of no consequence).

In addition to the convenience of her counsel, Plaintiff makes a separate argument about the additional cost *to her* of transfer to Ohio, given that her lawyer would need to travel to that forum to litigate the case. The cost to the parties is a relevant consideration for the Court. *See In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011) (observing that "[i]n deciding whether to transfer, the Court must be careful to avoid a transfer that 'would merely shift rather than eliminate' the inconvenience of costs," and noting that "corporations are better-equipped than individuals to absorb increased litigation costs"). Here, however, the additional costs are a function of Plaintiff's having selected a San Francisco lawyer. Given that the Court does not credit Plaintiff's statement that she was unable to find a lawyer in Ohio, to weigh this factor against transfer would put the cart before the horse, and incentivize future plaintiffs to hire in-district lawyers as a way of fending off meritorious motions to transfer. In ERISA cases, "[t]he fact that the parties have chosen California lawyers is of no consequence." *Frias*, 2014 WL 5364105, at *4. Recharacterizing the issue as one of party expense does not change this principle.

Accordingly, the Court concludes that under the circumstances of this case, the question of expense is neutral.

### C. Convenience of the Witnesses and Ease of Access to the Evidence

Prudential argues that to the extent medical providers are needed as witnesses, none of them are located in the Northern District. ECF No. 27 at 6. Plaintiff responds that this argument is a "red herring" as discovery in ERISA claims is limited to the administrative record, which has already been produced in electronic form. ECF No. 29 at 5 (citing ECF No. 17 at 3). In reply, Prudential cites to several ERISA cases in which the plaintiff made similar arguments regarding discovery being limited to the administrative record, but the court nevertheless weighed the potential for additional discovery in favor of transfer. *See* ECF No. 30 at 3-4.

Plaintiff is correct that in an ERISA action, the Court's review is likely to be limited to the

7

administrative record alone, without the need for additional evidence or witnesses. But as the Ninth Circuit has noted, although in most cases only the evidence before the plan administrator should be considered, the district court has discretion to allow evidence not before the administrator "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995). Although Prudential has not established that additional evidence *will* be necessary, the fact that Plaintiff remains entitled to discovery into Prudential's assembly of the administrative record creates at least some likelihood that additional discovery may occur. *See* ECF No. 17 at 3. Because any such evidence would not be found in the Northern District, this factor slightly favors transfer. *See* ECF No. 27 at 7 ("Prudential's place of business is in New Jersey, Plaintiff's claim was not administered in this District, none of the Prudential employees primarily responsible for reviewing Plaintiff's claim are located in this District, and neither of the independent peer reviewers who reviewed Plaintiff's records for Prudential are located in this District."); *see also Frias*, 2014 WL 5364105, at *4 (finding that "the convenience of witnesses weighs in favor of transfer because of the potential for additional discovery," which would come from the district where plaintiff received medical treatment and was denied benefits); *Visa Cigna*, 2013 WL 2146609, at *4 (concluding that because both the plaintiff and the operative facts were located in another forum, the convenience of the witnesses was "neutral, at best, and may even weigh in favor of granting" venue transfer).

The Court agrees that the convenience of the witnesses weighs slightly in favor of transfer here. None of the potential witnesses involved in Plaintiff's claim administration or medical treatment are located in the Northern District and thus, transfer would not inconvenience them. Similarly, the ease of access to evidence weighs slightly in favor of transfer because the administrative record was neither created nor compiled in the Northern District, meaning that any additional discovery would be for evidence outside the Northern District.

Accordingly, this factor weighs slightly in favor of transfer.

### D. Familiarity of Each Forum with the Applicable Law

Because ERISA is a federal statute, the Northern District of California and the Southern

8

District of Ohio are equally equipped to adjudicate Plaintiff's claims. Plaintiff does not argue to the contrary. This factor is thus neutral. *See Roe v. Intellicorp Records, Inc.*, No. 12-CV-0256-YGR, 2012 WL 3727323, at *4 (N.D. Cal. Aug. 27, 2012).

### E. Feasibility of Consolidation with Other Claims

As there are no pending actions this case could be consolidated with, this factor is neutral.

### F. Local Interest in the Controversy

In evaluating the interests of justice, a court may consider public interest factors, including local interests in deciding local controversies. *Decker Coal Co.*, 805 F.2d at 843. Prudential argues that Ohio has a greater local interest in the controversy because Plaintiff resides there and did reside there when her benefits were denied, and because there is no connection between this District and any of the parties. ECF No. 27 at 7. Plaintiff makes no argument to the contrary.

The Court agrees that Ohio has a greater local interest in the controversy because Plaintiff resides there, her alleged denial of benefits took place there, the benefits if received would have been paid there, and the events giving rise to her causes of action have no connection to the Northern District. *See Frias*, 2014 WL 5364105, at *5 (finding that "in light of the much more substantial ties between the [transferee] state of Arizona and the operative facts of this case . . . California's interest in this matter is greatly outweighed by that of Arizona"). Further, the Southern District of Ohio has an interest in deciding cases involving its residents. *See Ridenour*, 2015 WL 6674662, at *7 (noting the state of Virginia's interest in deciding cases involving its residents, where the plaintiff resided in the Eastern District of Virginia but filed in the Northern District of California). In this case, California has no comparable interest.

The Court concludes that this factor weighs in favor of transfer.

### G. Relative Court Congestion and Time to Trial in Each Forum

According to the caseload statistics judicially noticed at Prudential's request, *see* ECF No. 28, for the 12-month period ending September 30, 2018, there were 552 civil filings per judge in the Northern District of California, compared to 338 civil filings per judge in the Southern District of Ohio. ECF No. 27 at 8. Thus, Prudential argues that the relative court congestion between the Northern District of California and Southern District of Ohio favors transfer. *Id.*

9

The dockets of this court are clearly more congested than those of the Ohio court. "[T]he administrative concern of docket congestion is given only minimal weight in this District." *Frias*, 2014 WL 5364105, at *6. "Nonetheless, what little weight such a consideration should be given in this case weighs in favor of transfer." *Id.*

Plaintiff argues that Prudential's statistics are irrelevant because transferring the case to Ohio would require the case management and scheduling process to "start all over, throwing the process back by at least six months." *Id.* The Court is not persuaded that transfer would cause significant delay. This action was filed approximately seven months ago. *See* Compl. After the initial case management conference, and at the parties' request, the Court issued a scheduling order that included time for the Court to resolve Defendant's transfer motion. ECF No. 23. Except for that scheduling order and the present order, little has happened in the case. Moreover, the significantly lower caseload-per-judge in the Southern District of Ohio also suggests a potentially more expeditious process there. In light of these facts, the Court concludes that "the efficiencies sought to be achieved by a timely venue transfer" are not "significantly undermined by the extent of litigation that has already occurred in this case." *Eggers v. Campagnolo N.A., Inc.*, No. 08CV0198 JM(LSP), 2009 WL 311124, at *2 (denying motion to transfer where parties had already filed multiple substantial motions, engaged in significant discovery, and engaged in early neutral evaluation and a settlement conference).

The Court finds this factor neutral.

**V.  CONCLUSION**

The majority of the relevant factors either weigh in favor of transfer or are neutral. There is no potential discovery that would occur in the Northern District, nor are witnesses located here. Plaintiff's choice of forum merits little deference because she is not a resident of the Northern District and her claims have no connection to this forum. Ohio has a greater local interest in the controversy because Plaintiff resides there and her benefits were allegedly denied there. The Southern District of Ohio is less congested than this District, and there has not yet been extensive litigation in this forum that would suggest significant delay if the matter were transferred. Boiled down to its essence, the only factor tying this case to the Northern District of California is the

10

location of Plaintiff's lawyer.  On balance, the Court concludes that transfer is warranted.

For the reasons above, Defendant's motion to transfer venue to the Southern District of Ohio is granted.

**IT IS SO ORDERED.**

Dated:  February 26, 2019



JON S. TIGAR
United States District Judge